IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RAYMOND LEO THOMPSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) 1:12CV715 |
| v. | ) 1:09CR293-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Raymond Leo Thompson, a federal prisoner, brings a Motion [Doc. #31] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On December 17, 2009, Petitioner pled guilty to one count of carjacking in violation of 18 U.S.C. § 2119 and one count of possessing ammunition following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He received a sentence of 180 months imprisonment for the carjacking and a concurrent 215 months imprisonment for possessing the ammunition based on his status as an Armed Career Criminal under § 924(e). Following an unsuccessful direct appeal, Petitioner filed his current Motion, as well as various supplements, addendums, and suggestions of subsequently decided authority. Respondent filed a Response [Doc. #41] opposing all relief.

Petitioner's Claims

Petitioner has filed three claims for relief, all of which allege ineffective assistance of counsel. The first asserts that counsel erred by failing to contest the use of a misdemeanor

assault conviction as a predicate offense for the Armed Career Criminal sentencing enhancement. As part of this claim, Petitioner also raises the alleged failure of the Government to show that three breaking and entering convictions occurred on separate occasions so as to constitute three separate predicates. Finally, he adds that two unidentified predicate convictions are "suspect" under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), apparently because he believes that he did not face more than a year in prison for those offenses. In subsequent filings, he also argues that the burglary predicates should not count because they were burglaries of potentially unoccupied businesses and because they cannot count as predicates under Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276, 2282 (2013). He also cites the recent case of Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015), as subsequently decided authority. In Petitioner's second claim, he alleges that counsel provided ineffective assistance in advising him to plead guilty even though he was not an Armed Career Criminal. Finally, his third claim alleges that counsel performed deficiently by failing to file a motion to suppress the ammunition that served as the basis for the felon in possession count.

## Discussion

As noted above, all three of Petitioner's claims allege ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). A petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992). With respect to the

first prong of Strickland, a petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). With respect to the second prong, to show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52 (1985). The Court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

Petitioner's first two claims for relief both rely on Petitioner's conclusion that he was not, or at least is not now, properly classified as an Armed Career Criminal. However, Petitioner is incorrect. A defendant is a convicted felon for purposes of § 922(g)(1) if he has a prior conviction for a crime "punishable by imprisonment for a term exceeding one year." In addition, under 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . . " A "violent felony" includes any crime punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force against the person of another, or that is an enumerated offense, including burglary.

Petitioner's Presentence Report (PSR) classified him as an Armed Career Criminal based on six convictions: a conviction for misdemeanor assault obtained in Alamance

County, North Carolina, on February 8, 1988, a conviction for common law robbery obtained in Alamance County on April 10, 1989, three convictions for breaking and entering obtained in Alamance County on January 5, 1994, and a breaking and entering conviction obtained in Rockingham County, North Carolina, on December 9, 1998. (PSR, ¶¶ 21, 29, 39, 45, 57.) Petitioner's first attack on his Armed Career Criminal status alleges that counsel should have attacked the misdemeanor conviction because it was the result of a prayer for judgment continued and because he faced a sentence of only thirty days for that conviction. The Government does not argue in its Response that the misdemeanor assault conviction is a valid predicate, but instead points out that even without that conviction, Petitioner still has five other predicate convictions. If so, counsel could not have prejudiced Petitioner by failing to attack the assault conviction.

Petitioner's second argument is that counsel did not challenge the Government's failure to prove that his three 1994 burglary convictions occurred on separate occasions from one another so that they should count as three predicate offenses, rather than one. However, he points to no viable grounds for such an attack. The state court judgment for those convictions indicates that they occurred on the dates of April 12, 1993, June 12, 1993, and June 17, 1993. (Response, Ex. A.) The Presentence Report indicates these three separate dates as well. (PSR, ¶ 45.) Documents produced by Petitioner's current counsel confirm this. (Supplemental Reply [Doc. #47], Ex. A.) Petitioner points to nothing to support his argument that, had counsel raised the argument that these constituted a single predicate offense, he could have succeeded. Petitioner's current counsel adds an argument in a Reply [Doc. #44] that his former attorney could have challenged the convictions on the

grounds that Petitioner broke into business and not homes. However, this is also incorrect because the convictions fell under N.C. Gen. Stat. § 14-54(a) and such convictions are always Armed Career Criminal Act predicates. See United States v. Mungro, 754 F.3d 267 (4th Cir. 2014); see also United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005); United States v. Bowden, 975 F.2d 1080, 1084-85 (4th Cir. 1992). Petitioner's former attorney had no successful arguments to contest the breaking and entering convictions and was not ineffective for failing to raise futile arguments or advising Petitioner to plead guilty in these circumstances. Petitioner was an Armed Career Criminal with more than the necessary predicate convictions at the time of his plea in this Court. Petitioner fails to establish either of the Strickland prongs as to this contention.

Petitioner's remaining attacks on his Armed Career Criminal status all rely on cases decided well after his conviction in this Court. They do not truly relate to any claim of ineffective assistance given that counsel could not have anticipated them at the time of Petitioner's conviction. In any event, these cases do not change Petitioner's status as an Armed Career Criminal even if the Court treats his arguments as independent claims for relief. Simmons, the first case Petitioner relies upon, addressed whether or not persons convicted of certain crimes in North Carolina faced more than a year in prison so that those convictions could be considered felonies for purposes of federal sentencing. Here, Petitioner actually received sentences of imprisonment of ten years for the 1989 robbery conviction, five years for the three 1994 breaking and entering convictions, and 11 to 14 months for the 1998 breaking and entering conviction. With respect to the 1994 breaking and entering convictions, those convictions fell under the North Carolina Fair Sentencing

Act, and each included a presumptive sentence of 3 years imprisonment. With respect to the 1998 breaking and entering conviction, that conviction occurred under the North Carolina Structured Sentencing Act, and involved a Class H felony with criminal history category IV, punishable by up to 14 months imprisonment in the presumptive range. Therefore, Petitioner clearly faced sentences of over one year in each case. In no way does Simmons invalidate the use of any of these convictions as Armed Career Criminal Act predicates.

Petitioner's next points to Descamps to invalidate his breaking and entering convictions. However, that case does not affect the prior determination of the United States Court of Appeals for the Fourth Circuit that North Carolina breaking and entering convictions are predicate felonies under the Armed Career Criminal Act. United States v. Terry, 547 F. App'x 367, 368 (4th Cir. 2013). Finally, Petitioner points to Johnson as subsequently decided authority which might affect his case. In Johnson, the Supreme Court held that the "residual clause" of § 924(e) is unconstitutionally vague. That "residual clause" provides that a "violent felony" includes any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). However, Petitioner has four predicate convictions involving breaking and entering, and the Court of Appeals for the Fourth Circuit has held that North Carolina breaking and entering convictions are violent felonies not under the residual clause, but instead because they are categorically within the enumerated offense of burglary. Mungro, 754 F.3d at, 272 ("The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary'" and "N.C. Gen. Stat. § 14–54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary . . . . N.C. Gen. Stat. § 14–54(a) therefore

qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii)."); Bowden, 975 at 1085 ("[C]onvictions under North Carolina law for breaking or entering under N.C.G.S. § 14-54 qualify as generic burglaries under the Taylor case and justify an enhancement of punishment under § 924(e)(2)(B)(ii)."). Thus, it does not appear that Johnson would affect the determination in Petitioner's case, even if his claims are considered on the merits. Cf. Johnson, 2015 WL 2473450 ("Today's decision does not call into question application of the Act to the four enumerated offenses."). Therefore, even following all of the cases cited by Petitioner, he still has a minimum of four qualifying predicate felonies supporting his Armed Career Criminal enhancement. Any claims challenging that enhancement or his attorney's failure to contest the enhancement should be denied.

Petitioner's final claim for relief alleges that his attorney provided ineffective assistance of counsel by failing to file a motion to suppress the bullet which supported his conviction for possessing ammunition following a felony conviction. However, an examination of that claim reveals that Petitioner actually puts forth no grounds for suppression, but instead argues that his attorney should have challenged the sufficiency of the evidence against him on the possession of ammunition count. This claim is without merit. The Factual Basis [Doc. #10] in the case and the Presentence Report both state that a person later identified as Petitioner used a small caliber silver revolver to commit two robberies and steal a car. Police responding to those crimes found the car wrecked in some nearby woods with Petitioner lying near the car and suffering from injuries which required him to be flown to a hospital. Police did not find a gun on the scene that night or in a search the next day. However, the owner of the property found the gun later in the day and

called the police. The gun was located about eighteen feet from where Petitioner was located the night before and contained a single round of .22 caliber ammunition. Although federal agents could not ascertain whether or not the revolver itself qualified as a firearm under federal law, they did determine that the ammunition had traveled in interstate commerce. Three robbery victims identified Petitioner as the person who robbed them with the revolver.

In his Motion, Petitioner does not deny possessing the revolver, but instead speculates that the person who found the gun could have put the ammunition into it or that the ammunition could have come from the stolen car that he wrecked. He provides absolutely no factual support for making either argument. Nor does he state that he was willing to go to trial and face a potentially higher sentence in order to pursue these unlikely speculative theories. He cannot show that counsel provided ineffective assistance by failing to pursue these theories or having him plead guilty rather than pursue them.[1] This claim of ineffective assistance of counsel should also be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #31] to vacate, set aside or correct sentence, as supplemented, be denied, and that this action be dismissed.

This, the 12th day of August, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] Petitioner also states that he never stipulated to possessing ammunition during his plea hearing. He may intend to raise a claim that counsel should have challenged his ammunition conviction at a later time based on this alleged deficiency. Whatever the nature of the claim, it clearly fails given that Petitioner did admit to being guilty of possessing ammunition during his plea hearing. (Plea Trans. [Doc. #21] at 15.)